FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEONNA U.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:25-CV-03188-MKD<br><br>ORDER AFFIRMING THE COMMISSIONER'S DECISION<br><br>**ECF Nos. 12, 16** |

Before the Court are the parties' briefs. ECF Nos. 12, 16. Jordan Goddard represents Plaintiff. Special Assistant United States Attorney Ryan Lu represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

## JURISDICTION

Plaintiff filed an application for Title XVI supplemental security income benefits on December 3, 2020,[2] alleging disability beginning March 11, 2020. Tr. 395-406. The application was denied initially and upon reconsideration. Tr. 107-43. An Administrative Law Judge (ALJ) held a hearing on September 25, 2024, Tr. 61-85, and issued an unfavorable decision on November 12, 2024. Tr. 14-48. The Appeals Council denied review on August 21, 2025. Tr. 1-6. Plaintiff appealed this final decision on October 24, 2025. ECF No. 1.

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted). "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation marks and citation omitted). Stated

---

[2] Plaintiff's application was received on December 10, 2020, Tr. 407, which the ALJ considered the filing date, *see* Tr. 17.

differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 10, 2020. Tr. 19.

At step two, the ALJ found that Plaintiff has the following severe impairments: gastrointestinal (GI) disorders (including gastroparesis, ulcerative

colitis, irritable bowel syndrome, and diverticulitis); chronic pain syndrome; fibromyalgia; migraines; obstructive sleep apnea (OSA); major depressive disorder, and anxiety disorder. Tr. 19-20.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21.

The ALJ then concluded:

> [Plaintiff] has the residual functional capacity (RFC) to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand and/or walk for approximately six hours and sit for approximately six hours, in an eight-hour workday. [Plaintiff] cannot climb ladders, ropes, and scaffolds, and can occasionally climb stairs and ramps. [Plaintiff] can occasionally stoop, crouch, kneel, crawl and balance, as balance is defined by the Selective Characteristics of Occupations of the Dictionary of Occupational Titles (SCO-DOT). [Plaintiff] can frequently handle bilaterally. [Plaintiff] should have only occasional exposure to atmospheric conditions, no exposure to extreme cold, extreme heat, vibration, noise greater than at the moderate level (without available hearing protections), and cannot perform work in near proximity to moving mechanical parts, nor in high, unprotected places, all as rated by the SCO-DOT. [Plaintiff] can understand, remember, and carry out simple instructions and tasks. [Plaintiff] should perform only low stress work, which is defined as requiring only occasional changes in work setting, occasional changes in work duties, no work on a moving conveyor belt and no work requiring hourly quotas. [Plaintiff] can have no public, occasional coworker, and frequent supervisor contact. A restroom should be available within approximately 200 feet of the workstation.

Tr. 25.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 40. At step five, the ALJ found that, considering Plaintiff's age, education, work

experience, RFC, and testimony from the vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, to include merchandise marker, routing clerk, and collator operator. Tr. 41.

Therefore, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from the application date through the date of the decision. Tr. 42.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and
2. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 12 at 1-2.

**DISCUSSION**

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discounting her physical symptom claims. ECF No. 12 at 3-11. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "First, the ALJ must determine whether there is objective

medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks and citation omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation marks and citation omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation and footnote omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence. Tr. 27. The ALJ offered numerous reasons to discount Plaintiff's testimony, at least two of which the Court finds well supported.

The ALJ first discounted Plaintiff's testimony as inconsistent with the objective medical evidence. Tr. 27-36. An ALJ may discount symptom testimony when it is inconsistent with objective medical evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). Substantial evidence supports this finding. Plaintiff alleged difficulty grasping and writing, frequent dropping of objects, legs that gave way, and repeated falls. Tr. 74, 76-77. At the October 2021 consultative examination, Plaintiff made full fists, opposed each thumb to every fingertip, picked up a coin, and manipulated buttons and a zipper with little effort. Tr. 616. Although Plaintiff had 4/5 grip strength, could not walk on her heels or stand on either foot, had difficulty walking on her toes, and could not hop due to knee pain, she had 5/5 strength in both upper and lower extremities, normal bulk and tone, intact sensation and reflexes, a stable station and nonantalgic gait without an assistive device, negative Romberg testing, and normal tandem walking. Tr. 616-18. A November 2021 neurology examination documented normal gait and stance, including appropriate tiptoe, heel-to-toe, heel, and swing phases, and negative Romberg testing. Tr. 624-25. When Plaintiff reported leg weakness and repeated falls in January 2024, examination showed normal motor and sensory function and a normal gait, with only small knee effusions. Tr. 1293, 1295.

The ALJ reasonably found these findings inconsistent with Plaintiff's allegations that she could not reliably grasp objects, her legs gave way, and she

frequently fell. The ALJ's reasoning did not run afoul of *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017), because the ALJ did not rely on normal examination findings to conclude that Plaintiff did not experience fibromyalgia pain. Rather, the ALJ relied on Plaintiff's demonstrated hand function, gait, and balance to evaluate her specific allegations of hand and leg dysfunction. The inconsistency with the objective medical evidence provides a clear and convincing reason, supported by substantial evidence, for discounting those allegations.

The ALJ also discounted Plaintiff's physical symptom testimony as inconsistent with her activities. Tr. 30-36. An ALJ may discount symptom testimony based on activities that contradict the claimant's testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Substantial evidence supports the ALJ's finding. For example, in August 2021, Plaintiff reported that she walked around her son's school track once a day. Tr. 639. Her treatment plan called for her to continue walking the track three times per week, caring for chickens and hens, tending tomato plants, and going shooting four times per month. Tr. 639. In July 2023, Plaintiff reported "lots of walking" with her mother and son and yard work at her oldest son's home. Tr. 1153. The ALJ reasonably found these activities inconsistent with the degree of physical limitation Plaintiff alleged. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming an ALJ's finding that daily activities undermined allegations of totally disabling pain where

the claimant had been diagnosed with fibromyalgia, despite equivocal testimony about the regularity of those activities). Plaintiff alleged that her legs gave way, that she frequently fell, and that she sometimes could barely walk. Tr. 74, 77, 462. Her regular walking and yard work conflict with those allegations. Plaintiff also testified that she had difficulty grasping objects and frequently dropped even light objects. Tr. 76-77. Caring for chickens, tending tomato plants, and going shooting conflict with those alleged hand limitations. Accordingly, Plaintiff's activities provide a clear and convincing reason, supported by substantial evidence, for discounting her testimony.

Defendant does not defend the ALJ's additional reliance on Plaintiff's course of treatment or the asserted inconsistency in her statements about driving. The Court need not address those rationales because the ALJ provided two valid reasons, supported by substantial evidence, for discounting Plaintiff's testimony. Any error in the additional reasons was therefore harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

**B. Medical Opinion Evidence**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.

The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a

> medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2) (emphases added). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* The Court reasoned the "relationship

factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 792. However, the ALJ is not required to make specific findings regarding the relationship factors. *Id.* Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.*

Plaintiff argues the ALJ erred by discounting two medical opinions. ECF No. 12 at 11-19.

*1. ANRP Washington*

ARNP Washington examined Plaintiff in October 2021 and opined that Plaintiff could perform light work, but could handle and grip only occasionally due to bilateral weak grip. Tr. 618-20. She assessed no limitation in fingering. Tr. 619. ARNP Washington also opined that Plaintiff could never work around extreme temperatures, dust, fumes, or gases due to asthma. Tr. 620. The ALJ found the light work assessment persuasive but found the handling and environmental restrictions unpersuasive. Tr. 39-40.

The ALJ acknowledged that ARNP Washington's examination showed reduced grip strength but found the occasional handling and gripping restrictions inconsistent with the other medical evidence. Tr. 39-40. This finding is legally sound because an opinion may be supported by the source's examination yet remain unpersuasive because it is inconsistent with other record evidence. *Woods*, 32 F.4th at 793 & n.4; 20 C.F.R. § 416.920c(c)(1)-(2). Substantial evidence supports the finding. ARNP Washington measured Plaintiff's grip strength at 4/5 and attributed the restrictions to bilateral weak grip. Tr. 617, 619. Other examinations documented 5/5 strength, normal sensation and coordination, and normal upper-extremity strength, tone, and range of motion without pain. Tr. 649-50, 658-59. In February 2023, Plaintiff again had 5/5 upper- and lower-extremity strength. Tr. 914. In January 2024, Plaintiff had full upper-extremity range of motion with normal strength and sensation. Tr. 1302. Because ARNP Washington attributed the restrictions specifically to weak grip, these motor, sensory, and upper-extremity findings bear directly on the degree of manipulative limitation assessed. The ALJ reasonably found the longitudinal medical evidence inconsistent with a restriction to occasional handling and gripping.

The ALJ also found Ms. Washington's environmental restrictions inconsistent with the medical evidence concerning asthma. Tr. 39-40. The Court need not determine whether substantial evidence supports this finding because any

error was harmless. The RFC prohibited exposure to extreme cold and extreme heat and limited Plaintiff to occasional exposure to atmospheric conditions. Tr. 25. The marker position identified at step five requires no exposure to atmospheric conditions, extreme cold, or extreme heat. *See* DOT 209.587-034, 1991 WL 671802. Fully crediting Ms. Washington's environmental restrictions therefore would not alter the step five determination.

The ALJ accordingly did not err by discounting the opinion.

*2. Dr. Bowers*

Dr. Bowers reviewed the record at the initial level and assessed a range of light work. Tr. 124-27. He limited Plaintiff to occasional bilateral handling due to weak grip and assessed avoidance of concentrated exposure to extreme temperatures, fumes, odors, dusts, gases, and poor ventilation due to asthma. Tr. 125-26. The ALJ found the light work assessment persuasive but found the handling and environmental limitations unpersuasive. Tr. 38-39.

The ALJ acknowledged that Dr. Bowers's occasional handling finding was supported by the reduced grip strength measured during ARNP Washington's examination but found the restriction inconsistent with the other medical evidence. Tr. 38-39. This finding is legally sound because the consistency factor requires comparison with evidence from other medical and nonmedical sources. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024); 20 C.F.R. § 416.920c(c)(2).

Substantial evidence supports the finding. Dr. Bowers attributed the handling restriction to "bilateral weak hand grip." Tr. 125. Other examinations documented 5/5 strength, normal sensation and coordination, and normal upper-extremity strength, tone, and range of motion without pain. Tr. 649-50, 658-59. Later examinations continued to show 5/5 upper-extremity strength and full upper-extremity range of motion with normal strength and sensation. Tr. 914, 1302. Because Dr. Bowers based the restriction on a motor deficit, these findings directly bear on the degree of handling limitation assessed. The ALJ reasonably found the occasional handling restriction inconsistent with the longitudinal medical evidence.

The ALJ also found Dr. Bowers's environmental limitations inconsistent with the medical evidence concerning asthma. Tr. 38-39. For the reasons discussed above, any error in the ALJ's evaluation of the doctor's environmental limitations was harmless.

The ALJ accordingly did not err by discounting the opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 12**, is **DENIED**.

2. Defendant's Brief, **ECF No. 16**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED September 30, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE